UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GERMAN GONZALEZ-DIAZ, Individually
and On Behalf Of All Other Persons Similarly
Situated,

                    Plaintiff,

        -against-

DADDYO'S MANAGEMENT GROUP INC.
d/b/a/ DADDYO'S BBQ TO GO, and
GREGORY FOSDAL, Jointly and Severally,

                    Defendants.
-----------------------------------------------------------X

REPORT AND
RECOMMENDATION

16 CV 1907 (ENV)(RML)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JUL 31, 2017 ★
BROOKLYN OFFICE

LEVY, United States Magistrate Judge:

        Plaintiff German Gonzalez-Diaz ("plaintiff") commenced this wage and hour

action on April 19, 2016 against defendants Daddyo's Management Group Inc. d/b/a/ Daddyo's

BBQ To Go and Gregory Fosdal ("defendants"). (See Complaint, dated Apr. 19, 2016

("Compl.").)  Defendants have failed to answer or otherwise move with respect to the complaint.

On September 9, 2016, the Clerk of the Court entered a certificate of default against defendants.

(See Certificate of Default, dated Sept. 9, 2016.)  On December 26, 2016, plaintiff filed a motion

for default judgment. (See Motion for Default Judgment, dated Dec. 26, 2016.)

        By order dated December 30, 2016, the Honorable Eric N. Vitaliano, United

States District Judge, concluded that the claims upon which judgment is to enter are supported by

well-pleaded factual allegations sufficient to establish liability.  Judge Vitaliano referred

plaintiff's motion to me for an inquest on damages and to make a report and recommendation.  I

conducted an inquest hearing on March 16, 2017.  (See Transcript of Hearing, dated Mar. 16,

2017 ("Tr.").)  For the reasons stated below, I respectfully recommend that plaintiff be awarded

$20,789.76, consisting of $6,644.88 in unpaid overtime compensation, $6,644.88 in liquidated



damages under state law, $2,500 in statutory penalties for wage notice violations, and $5,000 in statutory penalties for wage statement violations. I further recommend that plaintiff be awarded prejudgment interest at the rate of nine percent per annum on his compensatory damages of $6,644.88, accruing from August 8, 2015 to the date of the entry of judgment, as well as post-judgment interest. Finally, to the extent that plaintiff wishes to recover attorney's fees and costs, I respectfully recommend that plaintiff be granted thirty days from the date of Judge Vitaliano's decision on the instant Report and Recommendation to submit his application.

### BACKGROUND AND FACTS

As Judge Vitaliano has already made a determination as to liability, the court assumes familiarity with the uncontroverted allegations set forth in the complaint. Briefly, plaintiff asserts claims for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"). (See generally Compl.) Defendant Daddyo's Management Group Inc. is a limited-service restaurant in Staten Island, New York doing business as Daddyo's BBQ To Go. (Id. ¶ 12.) Defendant Gregory Fosdal was an owner, shareholder, officer, or manager of the business. (Id. ¶ 13.) Defendants employed plaintiff as a cook and dishwasher. (Id. ¶ 18.)

Plaintiff alleges that he worked for defendants between sixty-five and sixty-six hours per week, working a spread of hours greater than ten approximately five or six days per week. (Id. ¶ 19.) Plaintiff alleges that he was paid $700 per week from the beginning of his employment on February 17, 2015 until the end of his employment on January 26, 2016, with the exception of the two-week period between May 10, 2015 and May 24, 2015 during which he was paid $10 per hour. (Id. ¶¶ 17, 20; Tr. at 3.) During the approximately sixteen-week period between February 17, 2015 and June 6, 2015, plaintiff worked eleven hours per day, 11:00 a.m.

2

until 10:00 p.m., Monday through Saturday. (Tr. at 4.) During the approximately thirty-three-week period between June 7, 2015 and January 26, 2016, plaintiff worked ten hours per day, from 11:00 a.m. until 9:00 p.m. on Sundays, and for eleven hours, from 11:00 a.m. to 10:00 p.m., on Mondays, Tuesdays, Wednesdays, Fridays, and Saturdays. (Id.)

Plaintiff seeks an award of unpaid overtime compensation and liquidated damages under the FLSA. (Compl. ¶ 65.) Plaintiff also seeks an award of unpaid overtime compensation, spread-of-hours wages, liquidated damages, and statutory damages under the NYLL.[1] (Id.) Plaintiff requests prejudgment interest if liquidated damages under the FLSA are not awarded, as well as post-judgment interest pursuant to 28 U.S.C. § 1961 and/or New York Civil Practice Law and Rules § 5003. (Id.) Finally, plaintiff seeks an award of attorney's fees and costs. (Id.)

**DISCUSSION**

A. Damages

"As a preliminary matter, when an employer fails to maintain accurate records or where, as here, no records have been produced as a consequence of a defendant's default, courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 88 (E.D.N.Y. 2012) (collecting cases) (internal marks and citations omitted); see also Kim v. Kum Gang, Inc., No. 12 CV 6344, 2015 WL 2222438, at *25 (S.D.N.Y. Mar. 19, 2015) (explaining that, where an employer fails to maintain records of wages and hours, plaintiffs "need only prove that they performed work for which they were not properly compensated and produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference") (internal quotation marks and citations omitted); Hart v. Rick's Cabaret Int'l, Inc., 60 F. Supp. 3d 447, 466 (S.D.N.Y.

---

[1] Plaintiff withdrew a claim for uniform maintenance pay. (Tr. at 12).

2014) ("It would be manifestly unfair to allow employers to avoid, or reduce, their liability simply because they kept shoddy records.").

      1.  Unpaid Overtime Compensation

Plaintiff requests $31,557.50 in unpaid overtime compensation. (See Memorandum of Law in Support of Motion for Default Judgment, dated Dec. 4, 2016 ("Pl.'s Mem."), at 9.) Plaintiff is entitled to overtime compensation under both the FLSA and NYLL at the rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty during a workweek. See 29 U.S.C. § 207(a)(1); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

Plaintiff alleges that he was paid $700 per week in cash from February 17, 2015 to January 26, 2016, with the exception of the two-week period between May 10, 2015 and May 24, 2015 during which he was paid $10 per hour. (Id. ¶¶ 17, 20; Tr. at 3, 5.) During the approximately sixteen-week period between February 17, 2015 and June 6, 2015, plaintiff worked eleven hours per day, from 11:00 a.m. until 10:00 p.m., Monday through Saturday, for a total of sixty-six hours per week. (Tr. at 4.) During the approximately thirty-three-week period between June 7, 2015 and January 26, 2016, plaintiff worked ten hours per day, from 11:00 a.m. to 9:00 p.m. on Sundays, and for eleven hours, from 11:00 a.m. to 10:00 p.m., on Mondays, Tuesdays, Wednesdays, Fridays, and Saturdays, for a total of sixty-five hours per week. (Id.)

Therefore, I have calculated plaintiff's regular hourly rate, excluding the period from May 10, 2015 to May 24, 2015, by dividing his weekly salary by the total number of hours he worked that week.[2] Excluding the two-week period from May 10, 2015 to May 24, 2015,

---

[2] Plaintiff calculated his regular hourly rate based on the assumption that the weekly salary he received compensated him for only the first forty hours worked per week. (See Pl.'s Mem. at 12.) There is support for using that method, which results in a higher hourly rate, and therefore a
Continued . . .

plaintiff's regular hourly rate of pay was $10.61 for the period from February 17, 2015 through June 6, 2015, during which he worked for sixty-six hours per week and was paid $700 per week.

Plaintiff's regular hourly rate of pay was $10.77 for the period from June 7, 2015 to January 26, 2016, during which he worked for sixty-five hours per week and was paid $700 per week.

Plaintiff was paid $10 per hour for the two-week period from May 10, 2015 to May 24, 2015, during which he worked for sixty-six hours per week. This results in an award of $6,644.88, as follows:

| Time period | # of weeks worked | # of hours worked per week | # of overtime hours worked per week | Hourly pay rate | Overtime pay rate | Amount paid per week | Unpaid wages owed per week | Unpaid wages Owed |
|---|---|---|---|---|---|---|---|---|
| 2/17/2015 – 5/10/2015 | 12 | 66 | 26 | $10.61 | $15.92 | $700 | $138.32 | $1659.84 |
| 5/11/2015-5/24/2015 | 2 | 66 | 26 | $10.00 | $15.00 | $660 | $130.00 | $260.00 |
| 5/25/2015-6/6/2015 | 2 | 66 | 26 | $10.61 | $15.92 | $700 | $138.32 | $276.64 |
| 6/7/2015-1/26/2016 | 33 | 65 | 25 | $10.77 | $16.16 | $700 | $134.80 | $4448.40 |
| | | | | | | | TOTAL: | $6644.88 |

higher overtime premium rate. See Giles v. City of New York, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999) (explaining that when an employee is paid a weekly salary, "[t]here is a rebuttable presumption that [the] weekly salary covers 40 hours" but that the employer "can rebut the presumption by showing an employer-employee agreement that the salary cover[s] a different number of hours" that "include[s] overtime hours at the premium rate."); see also Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012) ("'Unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours.'") (quoting Giles, 41 F. Supp. 2d at 317); Jiao v. Shi Ya Chen, No. 03 CV 165, 2007 WL 4944767, at *13 (E.D.N.Y. Mar. 30, 2007) ("There is a rebuttable presumption that an employer's payment of a weekly salary represents compensation for the first 40 hours of an employee's work-week; the burden is on the employer to rebut this presumption with evidence that the employer and employee had an agreement that the employee's weekly compensation would cover a different number of hours.") (citing Giles, 41 F. Supp. 2d at 317).

However, more recent cases have rejected that approach and instead divided the employee's weekly salary by the total number of hours worked each week. See, e.g., Zurita v. High Definition Fitness Ctr., Inc., No. 13 CV 4394, 2016 WL 3619527, at *5 (E.D.N.Y. June 9, 2016), adopted by, 2016 WL 3636020 (E.D.N.Y. June 29, 2016); Chopen v. Olive Vine, Inc., No. 12 CV 2269, 2015 WL 1514390, at *6 (E.D.N.Y. Mar. 13, 2015), adopted in pertinent part by 2015 WL 1542082 (E.D.N.Y. Mar. 31, 2015). I find the reasoning of these cases more persuasive.

2.  Spread-of-Hours

Plaintiff also requests unpaid spread-of-hours wages. (Compl. ¶ 65.) N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 prescribes that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which [ ] the spread of hours exceeds 10 hours." N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

"[T]he weight of authority in this Circuit holds that '[a] limitation upon a plaintiff's eligibility to recover for spread-of-hours pay is that the plaintiff not earn more than the minimum wage.'" Tan v. Voyage Express Inc., No. 15 CV 6202, 2017 WL 2334969, at *3 (E.D.N.Y. May 25, 2017) (quoting Luna v. Gon Way Constr., No. 16 CV 1411, 2017 WL 835321, at *11 (E.D.N.Y. Feb. 14, 2017), adopted by 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017)). Here, plaintiff's hourly pay rate never fell below $10.00. The New York State minimum wage from December 31, 2014 to December 30, 2015 was $8.75. N.Y. LAB. LAW § 652. The New York State minimum wage from December 31, 2015 through the end of plaintiff's employment was $9.00. Id. The federal minimum wage during plaintiff's period of employment was $7.25. 29 U.S.C. § 206(a)(1)(C). Therefore, although plaintiff worked for more than ten hours per day, except for Sundays between June 7, 2015 and January 26, 2016, plaintiff is not entitled to unpaid spread-of-hours wages because plaintiff earned more than the minimum wage.[3]

---

[3] Plaintiff also earned more than the minimum wage multiplied by the number of hours he worked plus one additional hour at the minimum wage per day. (See Leon v. Zita Chen, No. 16 CV 480, 2017 WL 1184149, at *7 (E.D.N.Y. Mar. 29, 2017) ("Courts, however, have given deference to the New York State Department of Labor's interpretation that spread-of-hours does not apply to an employee whose workday is in excess of ten hours if his or her total daily compensation exceeds the New York State minimum wage multiplied by the number of hours he or she worked plus one additional hour at the minimum wage.").

### 3. Liquidated Damages

Plaintiff requests liquidated damages under both the FLSA and the NYLL. (See Compl. ¶ 65.) The FLSA and NYLL employ a similar standard to award liquidated damages equaling one-hundred percent of the wages due. See 29 U.S.C. § 260; N.Y LAB. LAW § 663(1). Thus, a plaintiff cannot recover liquidated damages under both statutes. See Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 61 (2d Cir. 2016) (summary order).

When two forms of damages are available for the same violation, this court has awarded the greater of the two. See Man Wei Shiu v. New Peking Taste Inc., No. 11 CV 1175, 2014 WL 652355, at *13 (E.D.N.Y. Feb. 19, 2014). "It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages." Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988). However, plaintiff can recover both prejudgment interest and liquidated damages under the NYLL. See N.Y. LAB. LAW § 663. Therefore, an award recovered under the NYLL will be greater than one recovered under the FLSA. Under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." Zubair v. EnTech Eng'g, P.C., 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012). As defendants have defaulted, they have not established good faith to rebut the liquidated damages presumption. I therefore recommend that plaintiff be awarded $6,644.88 in liquidated damages under the NYLL.

### 4. Statutory Penalties

Plaintiff further requests statutory damages, asserting that he never received wage notices or wage statements in compliance with the NYLL. (See Pl.'s Mem. at 15-16; see also Tr. at 6.) Beginning April 9, 2011, New York's Wage Theft Prevention Act ("WTPA") required employers to provide written wage notices "at the time of hiring, and on or before February first

7

of each subsequent year of the employee's employment with the employer." N.Y. LAB. LAW § 195(1-a) (eff. Apr. 9, 2011 to Feb. 27, 2015). By an amendment to the WTPA, that provision changed, effective February 27, 2015, to one that required employers to provide written wage notices only "at the time of hiring." 2014 N.Y. Laws ch. 537 § 1, amending N.Y. LAB. LAW § 195(1-a). Throughout, the WTPA has required the wage notice to be "in English and in the language identified by each employee as the primary language of such employee," id., and to contain the following information:

> (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any 'doing business as' names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary.

Cabrera v. 1560 Chirp Corp., No. 15 CV 8194, 2017 WL 1289349, at *7 (S.D.N.Y. Mar. 6, 2017), adopted by 2017 WL 1314123 (S.D.N.Y. Apr. 6, 2017); see also 2014 N.Y. Laws ch. 537 § 1, amending N.Y. LAB. LAW § 195(1-a).

Prior to February 27, 2015, "the WTPA entitled employees to recover statutory damages for wage notice violations of $50 per work week, not to exceed $2,500." Baltierra v. Advantage Pest Control Co., No. 14 CV 5917, 2015 WL 5474093, at *11 (S.D.N.Y. Sept. 18, 2015); see also 2010 N.Y. Laws ch. 564 § 7, amending N.Y. LAB. LAW § 198(1-b). As of February 27, 2015, NYLL § 198(1-b) prescribes that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by [§ 195(1)], he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars . . . ." N.Y. LAB.

LAW § 198(1-b).  Plaintiff requests $5,000 for this violation (see Pl.'s Mem. at 16).  However, I respectfully recommend that plaintiff be awarded $2,500 because plaintiff began his employment for defendants on February 17, 2015, when the amount of recoverable statutory damages for wage notice violations was $50 per work week, not to exceed $2,500.

With respect to damages for defendants' failure to provide wage statements, as of April 9, 2011, employers are required to

> 'furnish each employee with a statement with every payment of wages, listing the following' information: (1) the dates of work covered by that payment of wages; (2) the employee's name; (3) the employer's name, address, and telephone number; (4) the rate or rates of pay and basis thereof; (5) gross wages; (6) deductions; (7) allowances, if any, claimed as part of the minimum wage; and (8) net wages.

Salinas v. Starjem Rest. Corp., No. 13 CV 2992, 2015 WL 4757618, at *13 (S.D.N.Y. Aug. 12, 2015) (quoting N.Y. LAB. LAW § 195(3)); see also Baltierra, 2015 WL 5474093, at *10-11.

Prior to February 27, 2015, "the WTPA entitled employees to recover statutory damages for violations of the wage statement requirement of $100 per work week, not to exceed $2,500." Baltierra, 2015 WL 5474093, at *10 (citation omitted); accord Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 501 (S.D.N.Y. 2015); see also 2010 N.Y. Laws ch. 564 § 7, amending N.Y. LAB. LAW § 198(1-d).  By an amendment to the WTPA effective February 27, 2015, the law changed to allow employees to recover wage-statement statutory damages of $250 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000.  2014 N.Y. Laws ch. 537 § 2, amending N.Y. LAB. LAW § 198(1-d); see also Zhang v. Red Mtn. Noodle House Inc., No. 15 CV 628, 2016 WL 4124304, at *6 n.13 (E.D.N.Y. July 5, 2016), adopted by 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016).  Plaintiff requests $5,000 for this violation (see Pl.'s Mem. at 16), and I respectfully recommend that the request be granted.

### 5. Prejudgment Interest

Plaintiff also requests and is entitled to prejudgment interest under the NYLL. See N.Y. LAB. LAW § 663; Fermin, 93 F. Supp. 3d at 48 ("In contrast to the FLSA, the NYLL permits an award of both liquidated damages and pre-judgment interest.") "'Prejudgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law.'" Fermin, 93 F. Supp. 3d at 49 (quoting Mejia v. East Manor USA Inc., No. 10 CV 4313, 2013 WL 3023505, at *8 n.11 (E.D.N.Y. Apr. 19, 2013), adopted by 2013 WL 2152176 (E.D.N.Y. May 17, 2013)) (internal brackets removed).

The statutory rate of interest is nine percent per annum. N.Y. C.P.L.R. § 5004. Where damages were incurred at various times, interest may be calculated from a single reasonable intermediate date. Id. § 5001(b). The midpoint of a plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. See Fermin, 93 F. Supp. 3d at 49; Wicaksono v. XYZ 48 Corp., No. 10 CV 3635, 2011 WL 2022644, at *9 (S.D.N.Y. May 2, 2011), adopted by 2011 WL 2038973 (S.D.N.Y. May 24, 2011). I determine the midpoint of plaintiff's employment to be August 8, 2015. I therefore respectfully recommend that prejudgment interest at the rate of nine percent per annum be awarded on his compensatory damages of $6,644.88 from August 8, 2015 to the date of the entry of judgment. This amounts to a per diem interest rate of $1.64 ($6,644.88 x. 09/ 365).

### 6. Post-judgment Interest

Plaintiff also requests and is entitled to an award of post-judgment interest. (See Compl. at 11.) 28 U.S.C. § 1961 provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Under the statute, interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year

constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment" Id. Thus, I respectfully recommend that plaintiff be awarded statutory post-judgment interest. See Fermin, 93 F. Supp. 3d at 53 (finding that post-judgment interest is mandatory).

       7.  Attorney's Fees & Costs

      In his memorandum of law, plaintiff indicates that he "will move subsequently for attorney's fees and costs." (Pl.'s Mem. at 17.) To date, however, the court has received no such application. Accordingly, to the extent that plaintiff wishes to recover attorney's fees and costs, I respectfully recommend that he be granted thirty days from the date of Judge Vitaliano's decision on the instant Report and Recommendation to submit his application, and that any such application be referred to me for a supplemental Report and Recommendation.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion be granted and that default judgments be entered against both defendants, jointly and severally. Regarding damages, I recommend that plaintiff be awarded $20,789.76, consisting of $6,644.88 in unpaid overtime compensation, $6,644.88 in liquidated damages under state law, $2,500 in statutory penalties for wage notice violations, and $5,000 in statutory penalties for wage statement violations. I further recommend that plaintiff be awarded prejudgment interest at the rate of nine percent per annum on his compensatory damages of $6,644.88 accruing from August 8, 2015 to the date of the entry of judgment, as well as post-judgment interest. Finally, to the extent that plaintiff wishes to recover attorney's fees and costs, I respectfully recommend that plaintiff be granted thirty days from the date of Judge Vitaliano's decision on the instant Report and Recommendation to submit his application.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Vitaliano and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/ USMJ ROBERT M. LEVY

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       July 31, 2017