UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERMAN GONZALEZ-DIAZ, Individually
and On Behalf Of All Other Persons Similarly
Situated,

                        Plaintiff,

       -against-

DADDYO'S MANAGEMENT GROUP INC.
d/b/a/ DADDYO'S BBQ TO GO, and
GREGORY FOSDAL, Jointly and Severally,

                        Defendants.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION

16 CV 1907 (ENV)(RML)

LEVY, United States Magistrate Judge:

        By order dated October 6, 2017, the Honorable Eric N. Vitaliano, United States District Judge, referred plaintiff's motion for reconsideration of my July 31, 2017 report and recommendation, and plaintiff's motion for attorney's fees and costs, to me for a report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion for reconsideration be granted. Accordingly, I recommend that the August 16, 2017 judgment be amended to: (1) award plaintiff $2,297.25 in spread-of-hours pay and $2,297.25 in liquidated damages; (2) recalculate prejudgment interest based on the total unpaid compensation of $8,942.13; and (3) clarify that the total amount of the judgment will automatically increase by fifteen percent pursuant to the New York Labor Law's automatic statutory increase provisions. I also recommend that plaintiff be awarded $5,061.25 in attorney's fees and $785.24 in costs.

## BACKGROUND

        Familiarity with the prior proceedings is assumed. On July 31, 2017, I made a report and recommendation that plaintiff be awarded: (1) $20,789.76 in damages, consisting of $6,644.88 in unpaid overtime compensation, $6,644.88 in liquidated damages under state law,

$2,500 in statutory penalties for wage notice violations, and $5,000 in statutory penalties for wage statement violations; (2) prejudgment interest at the rate of nine percent per annum on the unpaid wages of $6,644.88, accruing from August 8, 2015 to the date of the entry of judgment; and (3) post-judgment interest.  I also recommended giving plaintiff thirty days after Judge Vitaliano's decision on the report and recommendation to move for fees and costs.  (Report and Recommendation, dated July 31, 2017.)  Plaintiff did not file objections.  Judge Vitaliano then adopted the report and recommendation in its entirety.  (Order, dated Aug. 16, 2017.)  On September 15, 2017, plaintiff moved for an extension of time to file a request for fees, which I granted.  (Order, dated Sept. 18, 2017.)  On September 20, 2017, plaintiff moved for (1) reconsideration of my report and recommendation; (2) an extension of time to move for reconsideration *nunc pro tunc*; and (3) attorney's fees and costs.  (Motion for Extension of Time to File, Motion for Reconsideration, dated Sept. 20, 2017, Dkt. No. 31; Motion for Attorney Fees, dated Sept. 20, 2017, Dkt. No. 34.)  I granted the extension.  (Order, dated Sept. 21, 2017.)  Judge Vitaliano then referred the reconsideration and fees motions to me for a report and recommendation.  (Order, dated Oct. 6, 2017.)

DISCUSSION

**I.      Motion to Reconsider July 31, 2017 Report and Recommendation**

A.   <u>Legal Standard</u>

Plaintiff moves for reconsideration of my report and recommendation of July 31, 2017 based on two alleged errors concerning (1) plaintiff's entitlement to spread-of-hours wages, and (2) the NYLL's provisions providing for an automatic increase in a judgment. (Memorandum of Law in Support of Motion to Reconsider ("Pl.'s Mem."), dated Sept. 20, 2017, Dkt. No. 35, at 2.)  As plaintiff's counsel is aware, the appropriate process for challenging a

report and recommendation is to file objections within fourteen days after it is issued. Failure to file objections within that time waives plaintiff's right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Plaintiff did not follow this procedure; as a result, Judge Vitaliano, finding that no party had filed objections, adopted my report and recommendation on August 16, 2017, and entered a default judgment against both defendants, jointly and severally. Then, over one month later, plaintiff filed the instant motion.

      There is limited case law on this type of motion because most parties follow the proper procedure if they wish to object to the report and recommendation. In addition, Local Civil Rule 6.3 provides that a notice of motion for reconsideration of a court order determining a motion "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Local Civil Rule 6.3. Whether the fourteen-day period began to run at the filing of the report and recommendation (July 31, 2017) or at the entry of judgment (August 16, 2017), plaintiff's motion is untimely. Some courts have allowed motions to reconsider a report and recommendation after the time to object has expired when special circumstances exist. See, e.g., Lewis v. Berg, No. 00 CV 1433, 2006 WL 1064174, at *1 n.3 (N.D.N.Y. Apr. 20, 2006) (plaintiff's motion to reconsider report and recommendation allowed due to an address change that did not allow her to timely object). Here, plaintiff states that his motion comes only now because Mr. Gurrieri, who represented plaintiff at the inquest, subsequently left the firm.[1] While Mr. Sherr should not have neglected this matter after Mr. Gurrieri's exit, which occurred a full month before the report and recommendation was issued, it

---

[1] Mr. Gurrieri withdrew from the case and left the firm on June 23, 2017. (See Affirmation of John M. Gurrieri, Esq., dated June 22, 2017, ¶ 2.)

3

does not seem appropriate to punish plaintiff for his oversight; I therefore recommend granting this motion to reconsider, in lieu of properly-filed objections, for the following reasons.[2]

Motions to reconsider are not expressly addressed by the Federal Rules of Civil Procedure; in this district, they are made under Local Civil Rule 6.3. See Local Civil Rule 6.3. The motion must include a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." (Id.) In the Second Circuit, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions to reconsider will not be granted if they seek solely to relitigate an issue already decided. (Id.) Here, as discussed in more detail below, plaintiff has raised two points of law that the court overlooked and that do materially affect the amounts awarded in the final judgment.

In cases where a motion to reconsider has been filed after a district judge has adopted a report and recommendation and entered a judgment, courts have (when granting the motion) had to take some other action with respect to the judgment itself. See, e.g., Lewis, 2006 WL 1064174, at *1 (district court vacated judgment adopting report and recommendation in response to motion to reconsider, and plaintiff subsequently filed objections). This makes sense because a report and recommendation is best understood as an interlocutory order; once it is adopted by the district judge, the judgment is what matters and needs to be altered, not the report and recommendation. Here, in moving for reconsideration, plaintiff asks the court to "award the plaintiff an additional $4,587.14, plus prejudgment interest in accordance with the report and

---

[2] However, as explained below, I recommend reducing attorney's fees for post-judgment work.

4

recommendation, and to further amend the judgment to include the mandatory statutory provision for an automatic increase." (Pl.'s Mem. at 5.) Plaintiff's motion to reconsider may thus be construed as a motion to amend the judgment under Rule 59(e).[3] "The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d. 372, 375 (S.D.N.Y. 2007) (citing 4200 Ave. K LLC v. Fishman, No. 00 CV 8814, 2001 WL 498402, at *1 (S.D.N.Y. May 10, 2001)). Therefore, because plaintiff has satisfied the standard for reconsideration, I respectfully recommend that the court procedurally construe this as a motion to amend under Rule 59(e) and, based on my analysis of the substantive law below, enter an order amending the judgment.

      B. Spread of Hours

Plaintiff argues that my report and recommendation incorrectly apprehended state spread-of-hours law. I found that, because plaintiff's hourly pay rate never fell below the minimum wage, he was ineligible to recover for spread-of-hours pay, based on prevailing interpretations of New York state law on this subject. (See Report and Recommendation at 6.) Plaintiff argues, however, that my report and recommendation considered the wrong regulation. Since 2011, a new regulation has applied to restaurant and hospitality employees that would cover plaintiff's employment as a cook and dishwasher for defendant. This regulation provides that restaurant and hospitality workers are eligible for spread-of-hours pay regardless of their pay rate. See N.Y. COMP. CODES R. & REGS. tit. 12 § 146-1.6(d).

---

[3] See 11 FED. PRAC. & PROC. CIV. § 2810.1, Grounds for Amendment or Alteration of Judgment (3d ed. Apr. 2017 Update).

I find that plaintiff is correct in his analysis of the impact of this new regulation.[4] I therefore respectfully recommend that the default judgment be amended, striking the conclusion that plaintiff was not entitled to spread-of-hours pay and providing that plaintiff may collect $2,297.25 in damages for spread-of-hours pay. Plaintiff is owed one additional hour of pay at the state minimum wage for each of the 262 days[5] he worked over ten hours. N.Y. COMP. CODES R. & REGS. tit. 12 § 146-1.6(a). The table below summarizes my calculations:

| Time period | # of weeks worked | # of days/week worked >10 hours | # of spread-of-hours days | NYS Min. Wage | Unpaid spread-of-hours wages |
|---|---|---|---|---|---|
| 2/17/2015–2/21/15 | < 1 | 5 | 5 | $8.75 | $43.75 |
| 2/22/2015–6/6/2015 | 15 | 6 | 90 | $8.75 | $787.50 |
| 6/7/2015–12/26/2015 | 29 | 5 | 145 | $8.75 | $1,268.75 |
| 12/27/2015–12/31/2015 | < 1 | 3 | 3 | $8.75 | $26.25 |
| 1/1/2016–1/2/2016 | < 1 | 2 | 2 | $9.00 | $18.00 |
| 1/3/2016–1/23/2016 | 3 | 5 | 15 | $9.00 | $135.00 |
| 1/24/2016–1/26/2016 | < 1 | 2 | 2 | $9.00 | $18.00 |
| **TOTAL** | | | 262 | - | **$2,297.25** |

---

[4] Whether it can be said that the court "overlooked" this regulation is debatable. The court notes that plaintiff not only failed to cite the "overlooked" provision in its original submission, but also cited to a different—and inapplicable—provision. Some might say that it was plaintiff who overlooked the regulation at issue and that reconsideration is therefore questionable. Plaintiff's original memorandum of law in support of his request for unpaid spread-of-hours wages reads as follows, in its entirety:

> **B. Plaintiff Entitled to Unpaid Spread-of-Hours Wages**
> An employer is required to pay an employee who works a spread of hours in excess of ten an additional hour at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.5.
> Based on the plaintiff's evidence of his hours and wages, the defendants owe him $2,293.57 in unpaid spread-of-hours wages. Aff. Pl. Supp. Mot. Default J. ¶¶4, 7, 14.

(Memorandum of Law in Support of Motion for Default Judgment ("D.J. Mem.") dated Dec. 26, 2016, at 10–11.) Given the fact that spread-of-hours rules for restaurant workers have changed, and that they differ from the rules governing workers in most other industries, plaintiff's counsel should have taken the time to prepare a thorough and accurate section of its brief on this topic.

[5] Plaintiff worked eleven hours a day, Monday through Saturday, from February 17, 2015 through June 6, 2015. Plaintiff worked eleven hours per day on Mondays, Tuesdays, Wednesdays, Fridays and Saturdays from June 7, 2015 through January 26, 2016. (See Report and Recommendation, dated July 31, 2017, at 4.)

Because my report and recommendation also concluded that plaintiff was entitled, under the NYLL, to liquidated damages equaling one-hundred percent of the wages due, I further recommend that the judgment be amended to reflect that plaintiff be awarded an additional $2,297.25 in liquidated damages. In addition, because my report and recommendation found that plaintiff was entitled to prejudgment interest on all unpaid wages due under the NYLL, and because unpaid spread-of-hours pay qualifies as "unpaid wages," I further recommend that the judgment be amended to reflect an award of prejudgment interest at the rate of nine percent per annum on plaintiff's total unpaid wages of $8,942.13, from August 8, 2015 to the date of the entry of judgment. This amounts to a per diem interest rate of $2.20 ($8,942.13 x .09/365).

### C. Statutory Provisions for Automatic Increase of Judgment

Plaintiff also argues that my report and recommendation neglected to address the statutory provisions of the NYLL providing for an automatic increase in judgment.[6] Both New York's Minimum Wage Act (Article 19 of the NYLL) and Payment of Wages law (Article 6 of the NYLL) were amended by the Wage Theft Prevention Act ("WTPA") in 2010 to provide for an automatic fifteen-percent increase of unpaid judgments. N.Y. LAB. LAW §§ 198(4), 663(4); 2010 Sess. Law News of N.Y. Ch. 564 (S. 8380) (effective Apr. 9, 2011). The automatic-increase language directly follows language about the right to collect attorney's fees and costs incurred in enforcing any court judgment,[7] leading some courts to conclude that the automatic

---

[6] Plaintiff properly raised these provisions in its original motion. (See D.J. Mem., at 17.)

[7] See N.Y. LAB. LAW § 198(4) ("In any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorney's fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."); N.Y. LAB. LAW § 663(4) ("Attorneys' fees. In any civil action by an employee or by
Continued . . .

7

increase only applies to the attorney's fees portion of the judgment. See, e.g., Angamarca v. Pita Grill 7 Inc., No. 11 CV 7777, 2012 WL 3578781, at *10 (S.D.N.Y. Aug. 2, 2012) ("A defendant's failure either to pay the attorneys' fees and costs awarded or take an appeal causes the portion of fees awarded for NYLL violation to increase by 15%.") (citing NYLL § 663(4)); Maldonado, 2012 WL 1669341, at *12 (same). Plaintiff argues, however, that these provisions apply to payment of the entire outstanding judgment, and not simply to the attorney's fees judgment. Plaintiff interprets "[a]ny judgment or court order awarding remedies under this section" to cover all judgments or court orders awarding remedies under sections 198 and 663 of the NYLL. In other words, plaintiff believes "this section" is not limited to *subsections* 198(4) or 663(4), but rather refers to all judgments or remedies under sections 198 and 663.

    Plaintiff's interpretation has been adopted by several district courts in recent decisions. See Romero v. Anjdev Enters., Inc., No. 14 CV 457, 2017 WL 548216, at *13 (S.D.N.Y. Feb. 10, 2017) ("Pursuant to the NYLL, 'if any amounts [of damages awarded under the NYLL] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.'") (quoting Hernandez v. Jrpac Inc., No. 14 CV 4176, 2016 WL 3248493, at *36 (S.D.N.Y. June 9, 2016) (quoting § 198(4)); Montellano-Espana v. Cooking Light Inc., No. 14 CV 1433, 2016 WL 4147143, at *8 (E.D.N.Y. Aug. 4, 2016) ("Plaintiff's damages are all awarded under the NYLL. Therefore, pursuant to N.Y. Lab. Law § 663(4), the Court decides that 'if any amounts remain

---

the commissioner, the employee or commissioner shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.")

8

unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.'") (quoting § 663(4)); Saldana v. New Start Group, Inc., No. 14 CV 4049, 2016 WL 3683530, at *5 (E.D.N.Y. July 6, 2016) (citing § 663(4)). Plaintiff's interpretation is also well-supported by the legislative history of the WTPA.[8] I conclude that the entire judgment a court awards under the NYLL is subject to the automatic increase provisions. I therefore respectfully recommend that the judgment be amended to clarify that, pursuant to N.Y. LAB. LAW §§ 198(4) and 663(4), if any amount remains unpaid upon the expiration of ninety days following issuance of this judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of this judgment shall automatically increase by fifteen percent.

---

[8] The WTPA was enacted to "expand the rights of employees to seek civil and criminal avenues of remedy for their employers failing to follow labor law appropriately and the specifications therein." See N.Y. State Senate Introducer's Memorandum, June 29, 2010, 2010 Ch. 564 Bill Jacket, at 5. Its State Senate sponsor summarized the automatic increase provisions as furthering the goal of "Facilitating collection of wages Ordered to Be paid," explaining that they provide "that where employer defaults on paying judgment for more than 90 days, after the judgment is final, the employer must pay an additional 15% additional damages to defray approximately half of the cost to the employee of collecting on the judgment." (Id.) Both supporters and critics of the WTPA also understood that these provisions applied to the whole judgment, not just the attorney's fees. See, e.g., Letter of the Legal Aid Society, 2010 Ch. 564 Bill Jacket at 18 ("Wage thieves who fail to pay final orders within 90 days will have to pay an extra 15% - defraying the cost to the DOL and to the worker for expensive efforts to enforce judgments."); Proskauer Client Alert: New York's Wage Theft Prevention Act Increases Employer Obligations and Penalties (Dec. 15, 2010), http://www.proskauer.com/publications/client-alert/new-yorks-wage-theft-prevention-act/ ("Employers who are found liable and have penalties levied against them face additional pitfalls, e.g., an employer who defaults on paying a judgment for more than 90 days, after the judgment is final, must pay an additional 15 percent of damages to defray the cost to the employee of collecting on the judgment.").

9

## II. Motion for Attorney's Fees & Costs

### A. Attorney's Fees

Plaintiff requests an award of $7,655 in attorney's fees. (Affirmation of Brandon D. Sherr, Esq. in Support of Motion for Costs and Attorney's Fees, dated Sept. 20, 2017 ("Sherr Aff."), ¶¶ 13–14.) Both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") permit courts to award reasonable attorney's fees to the prevailing party.[9] Because these laws require such awards to be "reasonable," the court must determine whether plaintiff's proposed hourly rates are reasonable, and whether the hours billed for the work were necessary.

As a threshold matter, the party seeking fees must provide accurate, detailed and contemporaneous attorney time records. See Scott v. City of New York, 643 F.3d 56, 58–59 (2d Cir. 2011); Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); In re Phelan, 570 N.Y.S.2d 202, 203 (2d Dep't 1991). Plaintiff has satisfied this requirement. (Sherr Aff., Ex. 1.)

The court next assesses whether plaintiff requests a reasonable hourly rate. A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and

---

[9] See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. LAB. LAW § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees . . . ."); N.Y. LAB. LAW § 198(1-b) (reasonable attorney's fees and costs in action for wage notice violations); N.Y. LAB. LAW § 198(1-d) (reasonable attorney's fees and costs in action for wage statement violations).

10

reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)). A judge may determine prevailing rates based on evidence presented or his or her own knowledge of rates charged in the community. Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). The "community" is generally considered to be the district where the court sits. See Arbor Hill, 522 F.3d at 190. Also, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Arbor Hill, 522 F.3d at 184 n.2 (citations omitted).

Plaintiff requests $7,655 for 23.4 attorney hours, based on proposed hourly rates of $350 for Brandon A. Sherr, Esq. and $300 for John M. Gurrieri, Esq. (Sherr Aff. ¶ 10.) The motion papers do not note their roles in the firm, but state that they have practiced for about seven and four years, respectively. (Id. ¶ 5.) Based on my review of the hourly rates awarded to similarly experienced attorneys in this district,[10] I find it appropriate to reduce the hourly rates to $275 for Mr. Sherr and $225 for Mr. Gurrieri. Plaintiff's proposed rates are at the upper limit of the usual range for this district, where hourly rates higher than $350 are generally reserved for law firm partners, unusually expert litigators, or other special circumstances.[11]

---

[10] Courts in this circuit generally adhere to the "forum rule," which states that a district court should use the prevailing hourly rates in the district where it sits. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009); Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

[11] See Anderson v. Cty. of Suffolk, No. 09 CV 1913, 2016 WL 1444594, at *4, *9 (E.D.N.Y. Apr. 11, 2016) (reducing hourly rate from $450 to $375 for attorney with over twenty-seven years of appellate civil rights and police misconduct litigation experience and stating that "recent court decisions have awarded $400.00 to $450.00 per hour for the most experienced trial attorneys."); Morales v. B&M Gen. Renovation Inc., No. 14 CV 7290, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9, 2016) ("the prevailing hourly rate for partners in this district is between $300 and $400"), report and recommendation adopted, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016); Bosoro v. Am. Comprehensive Healthcare Med. Grp., P.C., No. 14 CV 1099, 2015 WL 5676679, at *9 (E.D.N.Y. Aug. 31, 2015) ("Courts have generally found the prevailing hourly rates in the Eastern District of New York to be between $350 and $400 for law firm partners"),

Continued . . .

Plaintiff's counsel contends it merits higher rates because "firms that represent employees in such cases [against small restaurant employers] on a contingent fee basis may never recover their attorney's fees or costs. The market rate for legal services for such clients is therefore higher . . . . the reasonable hourly rate should be adjusted to reflect the contingent fee, the customary rate, and to compensate for the risk inherent in taking this case." (Sherr Aff. ¶ 9.) These cases may be risky, but the "dramatic increase in FLSA filings in this district . . . suggests that no rate increase is needed to incentivize plaintiffs' attorneys to bring these cases." Fawzy v. Gendy, No. 12 CV 5580, 2013 WL 5537128, at *2 (E.D.N.Y. Oct. 6, 2013). This was a "routine wage and hour case" brought by one plaintiff, involving no complex issues of law or fact. Gonzalez v. Jane Roe Inc., No. 10 CV 1000, 2015 WL 4662490, at *6 (E.D.N.Y. July 15, 2015), adopted as modified, 2015 WL 4681151 (E.D.N.Y. Aug. 6, 2015). Thus, I find that higher rates are not warranted.[12]

---

report and recommendation adopted, 2015 WL 5686481 (E.D.N.Y. Sept. 25, 2015); Favors v. Cuomo, 39 F. Supp. 3d 276, 301–02 (E.D.N.Y. Aug. 14, 2014) (reducing partner's hourly rate from $600 to $400 in Section 1983 case challenging constitutionality of congressional redistricting); Perez v. Queens Boro Yang Cleaner, Inc., No. 14 CV 7310, 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016) (reducing partner's hourly rate from $400 to $350 in wage-and-hour case), report and recommendation adopted sub nom. Perez v. Yang Cleaners, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016); D'Annunzio v. Ayken, Inc., No. 11 CV 3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners [and] $100 to $300 per hour for associates."); Dominguez v. B S Supermarket, Inc., No. 13 CV 7247, 2015 WL 1439880, at *15 (E.D.N.Y. Mar. 27, 2015) (awarding partner $350 hourly rate in FLSA case); Mary Jo C. v. Dinapoli, No. 09 CV 5635, 2014 WL 7334863, at *6–*7 (E.D.N.Y. Dec. 18, 2014) (awarding $350 hourly rate to attorney with over thirty years of experience specializing in disabilities law).

[12] Plaintiff also cites cases awarding rates from $200 to $300 for Mr. Sherr and from $175 to $250 for Mr. Gurrieri. (Sherr Aff. ¶¶ 7–8.) Most of these cases are from the Southern District of New York, where reasonable hourly rates tend to be higher. The Eastern District cases cited reinforce my findings. See Duran v. Superior Cooling, No. 15 CV 7243, Dkt. No. 25, at 15 (E.D.N.Y. 2017) (reducing Mr. Sherr's hourly rate to $300 and Mr. Gurrieri's to $250); Galicia v. 63-68 Diner Corp., No. 13 CV 3689, Dkt. No. 37, at 5 (E.D.N.Y. 2015) (reducing Mr. Sherr's hourly rate to $225).

Finally, the court reviews whether plaintiff's counsel billed a reasonable number of hours. To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). Based on my review of the time records, it appears that plaintiff's counsel accurately represented the number of pre-judgment work hours spent on this case, and have not represented more than the typical hours needed. This work primarily entailed drafting the initial complaint and supportive filings, preparing a motion for default judgment, and making one court appearance. Plaintiff documented 18.2 hours for all of this, which is reasonable and appropriate. (Sherr Aff., Ex. 1.)

I do, however, take exception to the 5.2 hours plaintiff's counsel spent on its post-judgment motions (see id.), which I find excessive. Plaintiff claims 0.9 hours for work on September 15, 2017, presumably on the extension request filed that day. (Id.) This is unreasonable. In addition, plaintiff claims 4.3 hours spent on September 20, 2017 on its post-judgment motions. (Id.) Had counsel properly objected during the fourteen-day objection period, he might have reduced the hours needed for these motions and consumed fewer judicial resources. Therefore, I recommend reducing the 5.2 post-judgment hours to 2.15 hours.

In sum, I respectfully recommend an attorney's fees award of $5,061.25. This award is based on the reduced rates and hours discussed above.

B. Costs

Plaintiff also requests an award of $785.24 in costs. (Sherr Aff. ¶ 14.) The FLSA and the NYLL both permit courts to award costs to the prevailing party.[13] Generally, costs that may be recovered by a prevailing party in addition to attorney's fees include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). Costs "which are part of the attorney's ordinary overhead" may not be recovered. SEC v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003). Plaintiff has presented a report documenting $785.24 in costs. (See Sherr Aff. ¶ 14; id., Ex. 2.) I have reviewed these expenses and find all of these costs to be legitimate and reasonable expenses ordinarily charged to clients: filing fees, postage, process server fees, and the like. Accordingly, I recommend that plaintiff be awarded $785.24 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion to reconsider be granted, and that the judgment be amended to award plaintiff an additional $2,297.25 in unpaid spread-of-hours wages and $2,297.25 in liquidated damages, increasing the total damages award from $20,789.76 to $25,384.26. The total judgment award of $25,384.26 would, to summarize, now consist of $6,644.88 in unpaid overtime compensation, $2,297.25 in unpaid spread-of-hours wages, $8,942.13 in liquidated damages, $2,500 in statutory penalties for wage notice violations, and $5,000 in statutory penalties for wage statement violations. I further recommend that plaintiff's prejudgment interest award be amended to reflect an award at the rate of nine percent per annum based on the corrected amount of plaintiff's unpaid compensation ($8,942.13) from August 8, 2015 to the date of the entry of judgment. In addition, I recommend

---

[13] See infra at n. 1.

that the judgment be amended to reflect that, pursuant to N.Y. LAB. LAW §§ 198(4), 663(4), the total amount of the judgment will automatically increase if any amount remains unpaid upon the expiration of ninety days following issuance of this judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later.  Finally, I also respectfully recommend that plaintiff's motion for attorney's fees and costs be granted, and that plaintiff be awarded $5,061.25 in attorney's fees and $785.24 in costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Vitaliano and to my chambers, within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       November 7, 2017

15